OPINION
 "I. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN FINDING THAT HE HAD ACCUMULATED TWELVE POINTS IN TWO YEARS.
 II. THE SPEEDING VIOLATION OF MARCH 21, 1997, SHOULD HAVE BEEN A FIVE POINT OFFENSE.
 III. THE UNLAWFUL APPLICATION OF R.C. 4507.021 AGAINST THIS APPELLANT VIOLATES DUE PROCESS OF LAW UNDER BOTH THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO."
In September 1997, appellant received a "notice of suspension" from the Ohio Department of Public Safety. The notice informed appellant his driver's license had been suspended because he had accumulated twelve points in a two year period for traffic violations. On September 22, 1997, appellant filed a petition in the Ottawa County Municipal Court seeking to vacate his suspension. The court denied his request on December 10, 1997. On appeal, appellant contends the points were erroneously calculated.
A person having not less than twelve points charged against them within a two year period shall have their driving privileges suspended. R.C. 4507.021. It is undisputed that appellant was convicted of three speeding violations within a two year period. Specifically, all three were violations of R.C.4511.21(D). Points assessed for violations of R.C. 4511.21(D) are to be charged as set forth in R.C. 4507.021(G):
 "(13) Upon a first violation of a limitation under division (D) of section 4511.21 of the Revised Code at a speed in excess of seventy-five miles per hour ...................... 2 points
 (14) Upon a second violation within one year of the first violation of a limitation under division (D) of section 4511.21 of the Revised Code, for each increment of five miles per hour in excess of the posted speed limit, exclusive of the first five miles per hour over the limitation ........ 1 point
 (15) Upon a third or subsequent violation within one year of the first violation of a limitation under division (D) of section 4511.21 of the Revised Code, for each increment of five miles per hour in excess of the posted speed limit, exclusive of the first five miles per hour over the limitation ........................ 2 points"
Appellant's points were assessed as follows. For his first violation on May 21, 1996, he was assessed two points. For his second violation on March 20, 1997, wherein he was convicted of traveling eighty-eight miles per hour in a fifty-five m.p.h. zone, he was assessed six points. For his third offense on July 23, 1997, he was assessed four points.
Appellant only challenges the point assessment for his second offense. He argues that his speed of sixty-five m.p.h. was equal to one five mile increment and earned him one point. His speed of seventy m.p.h. earned him one point for a total of two points. His speed of seventy-five m.p.h. earned him one point for a total of three points. His speed of eighty m.p.h. earned him one point, and his speed of eighty-five m.p.h. earned him one point for a total five points. In sum, appellant argues that a point pursuant to R.C. 4507.021(G)(14) should not be assessed until the speed reaches or surpasses the five mile increment.
Appellee essentially argues that points pursuant to R.C.4507.021(G)(14) begin accumulating once the driver's speed reaches the range of the five mile increment. For example, appellant would earn no points for driving sixty m.p.h. in a fifty-five m.p.h. zone. Once his speed reached sixty-one m.p.h., one mile beyond the excluded five miles but within the first five mile increment, appellant would earn a point pursuant to R.C.4507.021(G)(14).
This court addressed the same issue raised here inBlackwell v. Ohio Bur. of Motor Vehicles (Jan. 12, 1996), Wood App. No. WD-95-062, unreported. In Blackwell, id., we assessed points pursuant to R.C. 4507.021(G)(14) according to individual five mile increments or in accordance with appellant's argument. On the authority of Blackwell, id., appellant's three assignments of error are found well-taken.
The judgment of the Ottawa County Municipal Court is reversed. This case is remanded to said court for the reassessment of points in accordance with this opinion. Court costs assessed to appellee.
JUDGMENT REVERSED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Melvin L. Resnick, J.
CONCUR.